**BLACKHAWK HEATING & PLUMBING CO., Plaintiff,**

v.

**William B. DRIVER et al., Defendants.**

**Civ. A. No. 2624–68.**

United States District Court

District of Columbia.

Jan. 23, 1969.

Sheldon I. Cohen, Washington, D. C., for plaintiff.

Ellen Lee Park, Asst. U. S. Atty., for the District of Columbia, for defendants.

## OPINION

WILLIAM B. JONES, District Judge.

Plaintiff has brought this action against the three named defendants in their respective official capacities as Administrator of the Veterans Administration, Associate Deputy Administrator of the Veterans Administration and Construction Contracting Officer of the Veterans Administration. It seeks a declaratory judgment that plaintiff is the responsible low bidder for the construction of the Tampa, Florida, Veterans Administration Hospital and that the award of the contract to J. A. Jones Construction Company for that construction job was illegal. Plaintiff also seeks relief in the nature of a mandatory injunction that all future bids of plaintiff be considered fairly and without bias or prejudice and that defendants be ordered to rescind a notice to the Jones Company to proceed with the construction and that the work be suspended until the Comptroller General of the United States has had an opportunity to decide the merits of the plaintiff's protest. Plaintiff's application for a temporary restraining order was denied by this Court.

Presently before the Court are plaintiff's motion for preliminary injunction and defendants' motion to dismiss the complaint for lack of jurisdiction.

Plaintiff, in its complaint, alleges that pursuant to an invitation of the Veterans Administration it prepared and deposited a bid for the construction of the Tampa, Florida, Veterans Administration hospital; that it was one of five bidders and of the five it was the low responsive bidder; that thereafter on October 9, 1968 it received a telegram from the Construction Contracting Officer of the Veterans Administration advising plaintiff that the contracting officer did not consider it to be a responsible prospective contractor for the Tampa, Florida, hospital and that its bid was therefore rejected; that the contracting officer had not consulted or discussed with the plaintiff or requested any statements from plaintiff with respect to the matter of plaintiff's responsibility; and that the contracting officer, defendant Robinson, was by regulation required to refer any question he might have with respect to the capacity or credit of the plaintiff to the Small Business Administration for review and determination and that Robinson did not do so. Plaintiff also alleges that prior to receipt of notice of rejection of its bid it had filed a protest by telegram to the Veterans Administration and to the Comptroller General; that on October 10, 1968 it was advised by defendant Robinson of the award of the Tampa

hospital contract to the Jones Company and that in making such an award defendant Robinson violated pertinent regulations; that the plaintiff has requested defendant Driver and defendant Robinson not to proceed with the award of the construction contract or to give notice to proceed to the Jones Company until such time as the Comptroller General has had an opportunity to review and rule on plaintiff's protest. Plaintiff also complains that defendants Monk and Driver are biased and prejudiced against plaintiff and that the defendants were acting arbitrarily and capriciously when they rejected plaintiff's bid. Further, plaintiff alleges that the actions of the defendants have resulted in plaintiff being illegally debarred of its right to bid and contract with the Veterans Administration. Plaintiff asserts that between January 1963 and June 1967 it, in sole venture or in joint venture with other companies, had been awarded contracts by the Veterans Administration to perform new construction or air conditioning and remodeling work at several Veterans Administration hospitals.

In support of defendants' motion to dismiss they have filed three affidavits and authenticated copies of a number of documents relating to plaintiff's bid and the rejection thereof.[1]

The grounds on which defendants base their motion to dismiss for lack of jurisdiction are (1) that this action is barred under the doctrine of sovereign immunity and (2) that the plaintiff lacks standing to sue.

■ This action, which in essence seeks to have this Court award the Tampa Hospital contract to plaintiff and deny the contract to Jones Company, could not be brought against the United States. The latter is immune from suit because of its sovereign character, an immunity which it has not waived here.

Nor can the application of the doctrine of sovereign immunity be circumvented by suing the defendants, one officer and two employees of the United States, if the action is in effect a suit against the sovereign. This suit will lie against the defendants as individuals only if their actions complained of were not within defendants' statutory powers or, if within those powers, only if the powers or their exercise are constitutionally void. Larson v. Domestic and Foreign Corp., 337 U.S. 682, 701–702, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), United States ex rel. Brookfield Construction Co. v. Stewart, 234 F.Supp. 94, 99 (D.D.C.1964), aff'd 119 U.S.App.D.C. 254, 339 F.2d 753 (1964).

■ Plaintiff alleges that defendants in rejecting its bid and awarding the Tampa Hospital construction contract to Jones Company violated several provisions of the Federal Procurement Regulations, 41 C.F.R. § 1–1.000 et seq. Those regulations were promulgated by the Administrator of General Services Administration pursuant to the authority conferred upon him by subsection (c) of § 205 of the Federal Property and Administrative Services Act of 1949, 40 U.S.C.A. § 486(c). Those regulations have the force and effect of law. Farmer v. Philadelphia Electric Company, 329 F.2d 3, 7 (3 Cir.1964). Thus, in alleging that defendants acted in violation of the regulations, plaintiff asserts that those acts were not within the defendants' statutory powers. Plaintiff does not allege that the statutory or regulatory powers or their exercise are constitutionally void.

■ The first regulation plaintiff asserts defendants violated was subsection (a) of § 1–1.310–7 when defendant Robinson, the contracting officer, made the determination that plaintiff would not qualify as a responsible contractor for

1. This Court may consider the facts stated in those affidavits and authenticated documents. Friend v. Lee, 95 U.S.App.D.C. 224, 226, n. 1, 221 F.2d 96, 98, n. 1 (1955). While plaintiff filed a verified complaint and an affidavit in further verification thereof, it has not sought to present further materials in opposition of defendants' motion to dismiss and supporting affidavits and authenticated material.

the Tampa Hospital job. Section 1–1.-310–7 in its entirety reads (41 C.F.R. § 1–1.310–7):

> Before making a determination of responsibility, the contracting officer shall have sufficient current information to satisfy himself that the prospective contractor meets the standards in § 1–1.310–5. Information from the following sources should be utilized before considering making a pre-award on-site evaluation:
>
> (a) Information from the prospective contractor, including representations and other data contained in bids and proposals, or other written statements or commitments, such as financial assistance and subcontracting arrangements.
>
> (b) Other existing information within the agency, including financial data, the list of debarred and ineligible bidders (see Subpart 1–1.6), and records concerning contractor performance.
>
> (c) Publications, including credit ratings and trade and financial journals.
>
> (d) Other sources, including banks, other financial companies, and Government departments and agencies.

In considering plaintiff's responsibility as a prospective contractor for the Tampa Hospital construction, defendant Robinson was guided by several sections of the Federal Procurement Regulations. There it is stated that the award of contracts to non-responsible bidders is a disservice to the Government and that it is the policy that contracts shall be awarded to responsible prospective contractors. 41 C.F.R. §§ 1–1.310–2, 1–1.310–4. One of the qualifying standards is that a prospective contractor "(4) [h]as a satisfactory record of integrity, judgment, and performance (contractors which are seriously delinquent in cur-

rent contract performance, considering the number of contracts and the extent of delinquencies of each, shall, in the absence of evidence to the contrary or compelling circumstances, be presumed to be unable to fulfill this requirement)." 41 C.F.R. § 1–1.310–5(a) (4). Records of a contractor's past performances are to be maintained by Government agencies for use by contracting officers in awarding new contracts. 41 C.F.R. § 1–1.310–10. As is evident from defendant Robinson's October 7, 1968 memorandum, which is Exhibit 3 of Exhibit D of the record herein, Robinson reviewed plaintiff's past performance records and discussed those records with other Government project directors.[2] The utilization of those past performance records was expressly authorized as "information within the agency, including * * * records concerning contractor performance." 41 C.F.R. § 1–1.-310–7(b). And the contracting officer was authorized to make use of information possessed by other Government departments and agencies. 41 C.F.R. § 1–1.310–7(d).

There is nothing in § 1–1.310–7 which required the contracting officer to seek information from all sources named, including plaintiff. If the section were to be read as plaintiff asserts the contracting officer would be required to contact banks and other financial companies as well as to review publications, including credit ratings, and trade and financial journals. What the contracting officer wanted to learn was plaintiff's performance record on prior Government jobs. That information was available to Government agencies through their experience and Robinson utilized it in considering plaintiff's responsibility. He acted within the scope of his statutory powers, as set forth in the regulations, when he concluded that plaintiff was not a responsible bidder on the Tampa Hos-

---

2. Exhibit D, as it shows on its face, contains the authenticated documents transmitted to the General Counsel, United States General Accounting Office under date of October 18, 1968, in response to the latter's request for a report on the circumstances giving rise to plaintiff's protest with respect to the Tampa Hospital contract award.

pital job. Whether Robinson's determination was correct is not a matter with which this Court can concern itself. "* * * we have heretofore rejected the argument that official action is invalid if based on an incorrect decision as to law or fact, if the officer making the decision was empowered to do so. Adams v. Nagle, 303 U.S. 532, 542 [58 S.Ct. 687, 692, 82 L.Ed. 999] (1938). We therefore reject the contention here." Larson v. Domestic and Foreign Corp., 337 U.S. 682, 695, 69 S.Ct. 1457, 1464, 93 L.Ed. 1628 (1949).

Nor did Robinson fail to comply with the Federal Procurement Regulations, as alleged by plaintiff, when he did not refer to the Small Business Administration for that agency's review and determination of the question of plaintiff's responsibility as a prospective contractor. The section of the regulations alleged to be violated is § 1–1.310–8. (41 C.F.R. § 1–310–8.) But that section only requires the contracting officer to give consideration to the Small Business Administration's views in cases where the contracting officer is not satisfied as to the prospective contractor's responsibility qualification "only because of the lack of adequate capacity or credit." But Robinson did not reject plaintiff's bid because he considered plaintiff lacked capacity or credit. The bid was rejected because of plaintiff's past performance record.

Plaintiff also complains that defendant Robinson as contracting officer made the award to Jones Company without awaiting the decision of the Comptroller General on plaintiff's protest. This, according to the plaintiff, was in violation of § 1–2.407–8(b) of the Federal Procurement Regulations. 41 C.F.R. § 1–2–407–8(b). But that provision of the regulations only deals with protests received before the award is made. Here, as the record discloses, plaintiff's protest was made subsequent to Robinson making the award to Jones Compa-

ny. On October 9, 1968 Robinson's telegram to plaintiff advising of the rejection of its bid was transmitted at 3:08 P.M. On the same day at 3:07 P.M. there was transmitted Robinson's telegram to Jones Company advising that the latter's bid on the Tampa Hospital job was accepted. It was not until 5:42 P.M. of October 9, 1968 that plaintiff's notice of protest was received in the teletype room of the Veterans Administration. The normal business day of that agency terminated at 4:30 P.M. and, therefore, the protest did not come to Robinson's attention until after the commencement of business the next day, October 10, 1968.[3] (Robinson's affidavit, Exhibit A.)

Since plaintiff's protest was received after the award was made, Robinson violated no regulation.

Plaintiff further asserts that defendants by their acts and failures to act have wrongfully debarred it from bidding and contracting with the Veterans Administration. That a debarment or "blacklisting" can have a serious adverse effect on a contractor needs no argument. To debar a person without established standards, reasonable notice and a fair hearing would be illegal. Gonzalez v. Freeman, 118 U.S.App.D.C. 180, 334 F.2d 570 (1964). But unlike Gonzalez the Federal Procurement Regulations establish standards and provide for a fair procedure. 41 C.F.R. Subpart 1–1.6. The procedures provided were not utilized because as disclosed by the affidavits of Donald P. Whitworth and V. P. Miller (defendant's Exhibits B and C) plaintiff has not been debarred or suspended.

Plaintiff alleges that the "acts and failures to act" of defendants which constituted debarment where the contracting officer's (Robinson) rejection of plaintiff's bid as not being a responsible contractor and the awarding of the contract to Jones Company, and defendants

3. After plaintiff's motion for a temporary restraining order was denied by this Court on October 21, 1968, Robinson issued to Jones Company a notice to proceed with construction.

Driver and Monk's criticism of plaintiff's past performances. But to be criticized by the Administrator and Associate Deputy Administrator of the Veterans Administration is not to be debarred. As alleged in the complaint plaintiff was invited to bid on the Tampa job on August 15, 1968 which was subsequent to the alleged meetings with defendant Monk. If plaintiff had been debarred, the Veterans Administration would not have invited it to bid. 41 C. F.R. § 1–1.603. It was not debarment but authorized action by the contracting officer that resulted in rejection of plaintiff's bid.

In support of its contention that this Court has jurisdiction and that it has standing to sue, plaintiff cites Harms v. Federal Housing Administration, 256 F. Supp. 757 (D.Md.1966) and Gonzalez v. Freeman, 118 U.S.App.D.C. 180, 334 F. 2d 570 (1964). In both of those cases it was held that judicial review was permissible under § 10 of the Administrative Procedure Act (5 U.S.C.A. §§ 701, 702–706). But in each of those cases the complained of administrative action was debarment. Moreover, in the Harms case the Court stated that jurisdiction was "dependent upon a finding that the Maryland Director [of the Federal Housing Administration] made a decision he was not authorized to make under his delegated authority and therefore acted arbitrarily and capriciously * * *." 256 F.Supp. at 761. As has been noted here the contracting officer in rejecting plaintiff's bid on the Tampa Hospital was by regulation authorized to take such action for the reasons it was taken.

Copper Plumbing & Heating Co. v. Campbell, 110 U.S.App.D.C. 177, 290 F. 2d 368 (1961) is another debarment case and there the Court sustained the debarment action. However, plaintiff cites it for the following language:

> While they do not have a right to contract with the United States on their own terms, appellants do have a right not to be invalidly denied equal opportunity under applicable law to seek contracts on government projects. If deprived of this right they suffer a "legal wrong" which gives them access to the courts under section 10 of the Administrative Procedure Act. 110 U.S.App.D.C. at 179–180, 290 F.2d at 370–371.

But that statement of the Court of Appeals furnishes no help to the plaintiff here since it was given equal opportunity under applicable law and regulations to seek the Tampa Contract. Its failure to get that job was due to the contracting officer's decision, made pursuant to applicable law and regulations, that plaintiff was not a responsible prospective contractor for the Tampa project.

In its memorandum in opposition to defendants' motion to dismiss plaintiff asserts that its complaint alleges facts which when proven "will show that defendants had through conspiracy, malice and coercion abused their discretion in awarding the contract" to Jones Company. A reading of the complaint shows no such facts alleged. Plaintiff does assert that its officers and representatives met on one occasion with defendant Monk and on another occasion with defendant Driver at which times those two defendants were highly critical of plaintiff and its contract performances. The complaint also alleges that on an occasion officers and representatives of plaintiff met with staff personnel of the Committee on Veterans Affairs of the House of Representatives at which defendant Monk was present, which meeting may have reflected discredit upon the Veterans Administration. As a result of all of this plaintiff alleges that Driver and Monk are biased and prejudiced against plaintiff.

But neither expressly nor implicitly does the complaint allege facts that defendant Robinson, the contracting officer, acted through bias or prejudice or coercion. In fact the complaint asserts that Robinson's acts were those of the contracting officer, albeit allegedly contrary to pertinent regulations. As the contracting officer it was Robinson alone who was authorized to pass on

plaintiff's responsibility. 41 C.F.R. §§ 1–1.310–5, 1–1.310–6, 1–1.310–7. And, as the record shows, it was Robinson alone who concluded that plaintiff would not be a responsible contractor on the Tampa project and for that reason he rejected plaintiff's bid. Exhibit A; Exhibits 3, 4, 4(A) of Exhibit D. As noted above Robinson acted within the scope of the applicable regulations. Whether his decision was a correct one is a matter with which this Court cannot concern itself. Larson v. Domestic and Foreign Corp., 337 U.S. 682, 695, 69 S.Ct. 1457, 93 L. Ed. 1628 (1949).

The motion of the defendants to dismiss the complaint is granted.

The motion of the plaintiff for a preliminary injunction is denied.